UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

| | |
|---|---|
| JOSEPH ROESSLER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-02203 |
| UNITED COLLECTION BUREAU, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JOSEPH ROESSLER ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of UNITED COLLECTION BUREAU, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) as Defendant resides in Lucas County, Ohio, which is within the Northern District of Ohio.

### PARTIES

4. Plaintiff is natural person and a consumer over-the-age of 18.

1

5. Defendant is a third-party debt collector and a corporation organized under the laws of the State of Ohio. Defendant's principal place of business is located at 5620 Southwyck Blvd, Suite 206, Toledo, Ohio 43614.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendants' attempts to collect upon a personal credit card debt ("subject debt") that Plaintiff purportedly owed to U.S. Bank, N.A. ("U.S. Bank").

8. The subject debt was incurred for the purchase of personal household goods and/or services.

9. Upon information and belief, LVNV Funding, LLC ("LVNV") purchased the subject debt after it was allegedly in default.

10. Subsequently, LVNV placed the subject debt with Defendant for collection.

11. Upon information and belief, Defendant began its collection campaign around the summer of 2020.

12. Shortly thereafter, Plaintiff and Defendant agreed to a payment arrangement in order to settle the subject debt.

13. On or around June 2, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff in which it memorialized the settlement agreement between Plaintiff and Defendant.

14. Concurrently, on or around June 2, 2020, Defendant mailed or caused to be mailed another collection letter to Plaintiff in which it warned Plaintiff of the potential consequences if a debt collector obtained a money judgement against him.

15. Defendant's warning of the potential consequences of a money judgment confused Plaintiff as he had already agreed to a payment arrangement to settle the subject debt.

16. Moreover, the two collections letters Defendant mailed on June 2, 2020, plainly contradict each other.

17. Accordingly, Plaintiff spoke with the undersigned regarding his rights, resulting in pecuniary loss and expenditure of resources.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of 15 U.S.C § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant employed deceptive tactics to collect upon the subject debt when it warned Plaintiff of the potential consequences of a debt collector obtaining a money judgment against him. This warning was issued shortly after Plaintiff agreed to settle the subject debt with Defendant. Consequently, Defendant's collection letters misled Plaintiff as to the legal status of the subject debt when Defendant invoked the possibility that it could seek a money judgment against Plaintiff. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

    **b. Violations of FDCPA § 1692f**

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendant exerted undue pressure on Plaintiff when it invoked the possibility of Defendant obtaining a money judgment against him shortly after Plaintiff agreed to settle the subject debt.

WHEREFORE, Plaintiff, JOSEPH ROESSLER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 29, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com